**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JENNIFER ROGERS<br>Plaintiff,<br>vs.<br><br>J.S. VENTURES, INC. d/b/a<br>APPLEBEE'S RESTAURANTS<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 2:20-CV-02009 |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Plaintiff Jennifer Rogers ("Rogers" or "Plaintiff") and, by and through undersigned counsel, files the following Amended Complaint against Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants. ("Applebee's" or "Defendant"):

**PARTIES.**

1. Plaintiff Rogers is an individual residing in Wichita, Kansas.

2. Plaintiff Rogers worked at Applebee's Restaurant Neighborhood Grill and Bar restaurant.in Wichita, Kansas.

3. Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants is a Kansas Corporation in good standing within the laws of the State of Kansas, doing business in the State of Kansas, and with an official mailing address of 2400 Woodlawn, Suite 230, Wichita, Kansas 67220.

4. Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants. may be served with process by service thereof upon its Registered Agent, James H. Stevens, 2400 Woodlawn, Suite 230, Wichita, Kansas 67220.

5. Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants. is an "employer" within the meaning of Title VII, K.S.A. §44-1001, et seq.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 1 of 20

6. During calendar year 2018, for each working day during each of 20 or more calendar weeks, Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants employed 20 or more employees within a 75-mile radius of Plaintiff Rogers's location of employment.

7. Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants had at least 15 employee at all relevant times.

8. This is an action for discrimination and retaliation in violation of Title VII of the Civil Rights Act, and the Americans with Disabilities Act ("ADA/ADAAA").

**JURISDICTION AND VENUE.**

9. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. § 12101, *et seq*. and 42 U.S.C. Section 2000e-5, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq*., and the Americans with Disabilities Act, as amended in 2008 ("ADA"/ADAAA"), 42 U.S.C. Section 12101 *et seq*. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f) and 28 U.S.C 1391 (b)(1). The Court may exercise jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law which rights provide for injunctive relief and other relief for illegal employment discrimination.

10. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

11. Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

12. On or about April 25, 2019 Plaintiff Rogers filed a Charge of Discrimination that was dually filed with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex, disability and retaliation.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 2 of 20

13. A true and accurate copy of the Charge of Discrimination, Charge No.563-2019-01799, against Defendant dated April 25, 2019 is attached here to as **Exhibit "A".**

14. On or about April 25, 2019 Plaintiff Rogers filed a Charge of Discrimination that was dually filed with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon sex, disability and retaliation.

15. A true and accurate copy of the Charge of Discrimination, Charge No.563-2019-01802, against Defendant dated April 25, 2019 is attached here to as **Exhibit "B".**

16. The aforesaid Charges of Discrimination provided the KHRC and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the KHRC or EEOC investigation, which could reasonably be expected to have grown out of the Charges of Discrimination.

17. On or about October 9, 2019, the EEOC issued Plaintiff Rogers her Notice of Right to Sue Letter pertaining to her complaint of discrimination on Charge No. 563-2019-01799.

18. On or about October 9, 2019 the EEOC issued Plaintiff Rogers her Notice of Right to Sue Letter pertaining to her complaint of discrimination on Charge No. 563-2019-01802.

19. Plaintiff Rogers has filed her lawsuit within 90 days of her receipt of her "Dismissal and Notice of Rights" from the EEOC.

20. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 3 of 20

**FACTS COMMON TO ALL COUNTS.**

21. Plaintiff Rogers hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

22. Plaintiff Rogers is a Caucasian female.

23. Plaintiff has several diagnosed conditions which affect one or more of her major life activities, which include heart, lymph nodes, kidneys, circulatory system, cardiovascular system, lymphatic system, genitourinary system and immune system.

24. Specifically, Rogers has the conditions: Hodgkin's lymphoma (formerly known as Hodgkin's disease") and Congestive Heart Failure ("CHF").

25. Despite these disabilities, Plaintiff Rogers has been able to work successfully when provided reasonable accommodations, when necessary to perform the essential functions of her jobs, under the ADAAA.

26. Plaintiff Rogers has a disability(ies), has a record and history of disability(ies) and/or was regarded as disabled by Defendant.

27. In or about 2015, Plaintiff Rogers was diagnosed with Hodgkin's lymphoma.

28. Hodgkin's lymphoma is a cancer of the body's lymphatic system.

29. Hodgkin's lymphoma develops when lymphocyte (a subtype of white blood cells) cells in the lymphatic system begin to grow abnormally and mutate.

30. The mutation tells the cell to multiply rapidly, causing many diseased cells that continue multiplying. The mutation causes a large number of oversized, abnormal lymphocytes to accumulate in the lymphatic system, where they crowd out healthy cells and cause the signs and symptoms of Hodgkin's lymphoma.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 4 of 20

31. Healthy white blood cells are essential in the functioning of the body's immune system.

32. In Hodgkin's lymphoma, the cancerous tumor(s) develop in the body's lymph nodes, typically in the neck or chest.

33. The exact cause of Hodgkin's lymphoma is unknown, increased rates have been found in persons between the ages of 20 and 40 and over the age of 55.

34. Although it is one of the most treatable forms of cancer, treatment in the form of radiation and/or chemotherapy is poisonous to the human body and can cause lasting harm even in the best situations.

35. Plaintiff's Hodgkin's lymphoma is treated by her medical providers with Radiation therapy.

36. Radiation therapy involves the use of high-energy x-rays to stop the growth of cancerous cells.

37. Effects of radiation therapy include, but are not limited to, significant skin changes, loss of hair growth, sore throat, temporary loss of taste and thickness of saliva, fatigue, and nausea.

38. More-serious risks of radiation therapy may include heart disease, stroke, thyroid problems, infertility and other cancers, such as breast or lung cancer.

39. Unfortunately for Plaintiff, the radiation therapy used to treat her Hodgkin's lymphoma caused significant and permanent damage to her heart and cardiovascular system.

40. In or about 2015, Plaintiff Rogers was diagnosed with Congestive Heart Failure ("CHF").

41. In heart failure, the main pumping chambers of the heart (the ventricles) may become stiff and not fill properly between beats. In some cases of heart failure, the heart muscle may become

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 5 of 20

damaged and weakened, and the ventricles stretch (dilate) to the point that the heart cannot pump blood efficiently throughout the body.

42. Over time, the heart can no longer keep up with the normal demands placed on it to pump blood to the rest of the body.

43. Due to the severity of her CHF, Plaintiff Rogers had a pacemaker installed in or about 2015.

44. Plaintiff's heart is 100% reliant on the pacemaker for the function of her circulatory system, cardiovascular system and maintaining her life.

45. On or about November 29, 2018, Plaintiff was hired by Defendant as a full-time employee and was in good standing until the date of her termination on or about December 31, 2018.

46. Plaintiff was hired to work at the Applebee's Restaurant located at 4760 S. Broadway Avenue, Wichita, Kansas 67216.

47. Plaintiff last held the position of Server.

48. Plaintiff was paid $2.13 per hour, plus tips.

49. At the time she was hired, Plaintiff informed Defendant about her disability(ies), including, but not limited to, her diagnosis of CHF and her 100% reliance on her pacemaker.

50. At the time she was hired, Plaintiff informed Defendant that she may need reasonable accommodations to perform the essential functions of her job.

51. At the time she was hired, Plaintiff informed Defendant that she had a heart condition and had a pacemaker.

52. Plaintiff informed Defendant that due to her pacemaker, she could not wear a magnetic nametag, and requested that Defendant provide an alternative type of nametag due to her pacemaker.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 6 of 20

53. Based upon Plaintiff's request for a reasonable accommodation related to her heart conditions and pacemaker, Defendant ordered Plaintiff a non-magnetic nametag.

54. Upon information and belief, Plaintiff Rogers successfully performed the essential functions of her job from November 29, 2018 until her termination on December 31, 2018.

55. On or about December 29, 2018, Plaintiff began experiencing chest pain related to her CHF and caused by potential fluid build-up around her heart.

56. Plaintiff informed Defendant that she would not be at work that day due to her serious medical impairment.

57. Plaintiff called her manager during her visit to the emergency room and provided information to Defendant regarding the medical condition(s) and/or impairment(s) requiring emergency treatment.

58. Defendant had knowledge of Plaintiff's medically related absence.

59. Plaintiff's manager requested that Plaintiff provide a doctor's note for her absence.

60. On or about December 29, 2019, Plaintiff Rogers was evaluated and treated in the emergency department.

61. During her emergency department visit, Plaintiff's medical provider advised her that her heart was enlarged due to the overwork of her heart muscle and previous damage to her heart.

62. Plaintiff's medical provider advised her that her only option for possible recovery was a heart transplant.

63. Following her admission and discharge from the emergency department, Plaintiff advised Defendant that her doctor's note excused her from work for December 29, 2018 through December 30, 2018 and released her to work with no restrictions on December 31, 2018.

64. On or about December 31, 2018, Plaintiff worked her entire shift.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 7 of 20

65. Plaintiff performed all the essential duties of her job and received no complaints by either customers or co-workers.

66. At the end of Plaintiff's shift, two managers, including Shift Supervisor Samantha Stewart and the General Manager, Denise Lott, followed Plaintiff into the back room, shut the door, and told Plaintiff that she was not a "good fit" for the team and was costing the company "way too much money".

67. They further told Plaintiff that she had received customer complaints and displayed an attitude with other servers.

68. Prior to December 31, 2018, Plaintiff was never given any verbal or written warnings or write-ups regarding either customer complaints or issues with other co-workers.

69. Plaintiff advised Defendant that she believed Defendant was terminating her due to her disability(ies) and need for accommodations.

70. Defendant refused to accept Plaintiff's doctor's note or enter the interactive process with her.

71. Instead, Defendant terminated Plaintiff's employment.

72. Defendant never provided Plaintiff a copy of Defendant's Policies and Procedures manuals.

73. The only access Plaintiff had to Defendant's Policies and Procedures manuals was electronically on her manager's desktop computer.

74. Defendant chose not to give Plaintiff an opportunity to fully read, review, understand, and/or ask questions regarding Defendant's Policies and Procedures.

75. Plaintiff's Hodgkin's lymphoma, CHF, and use of a pacemaker are each a disability as defined by the ADAAA.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 8 of 20

76. Defendant chose not to advise Plaintiff that she was entitled to reasonable accommodation under the ADAAA.

77. Defendant chose not to advise Plaintiff that leave could be an option for Plaintiff Rogers.

78. Plaintiff suffers from physical impairments, which substantially limit one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life, eating, concentrating, interacting with others, sexual activity, sleeping, breathing, walking, working, her cardiovascular system, circulatory system, genitourinary system, immune system, lymphatic system, normal cell growth and/or respiratory system.

**COUNT I**
**FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA**

79. Plaintiff Rogers hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

80. Plaintiff has a disability(ies) as defined by the Americans with Disabilities Act, to-wit:

a. a physical impairment, to wit: Hodgkin's lymphoma, Congestive Heart Failure, which substantially limits one or more of her major life activities, including, but not limited to: accomplishment of her daily routines of life, eating, concentrating, interacting with others, sexual activity, sleeping, breathing, walking, working, her cardiovascular system, circulatory system, genitourinary system, immune system, lymphatic system, normal cell growth and/or respiratory system.

b. a record of such physical impairments; and,

c. Defendant regarded Plaintiff as having such an impairments.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 9 of 20

81. Plaintiff Rogers is a qualified individual with a disability(ies) as defined by the Americans with Disabilities Act, to-wit: Plaintiff, with reasonable accommodation(s), is able to perform the essential functions of her employment position with Defendant.

82. Following Plaintiff's medical treatment, need for time off, and recommendation of a possible heart transplant, Defendant refused to inter into the interactive process under the ADAAA, failed to accept Plaintiff's work restrictions and terminated her.

83. Defendants had knowledge of Plaintiff's disability(ies) and her possible need for accommodation(s) to perform the essential functions of her job.

84. Defendant did not discuss with Plaintiff whether she needed a reasonable accommodation.

85. Defendant deprived Plaintiff Rogers the opportunity to request a reasonable accommodation which indicates a failure to accommodate, as she was not given the opportunity to request a reasonable accommodation or to determine if one would be necessary.

86. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

87. As a direct and proximate result of Defendant's violations of the ADAAA, as aforestated, Plaintiff has suffered aggravation of her disability(ies) and their symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

88. As a further direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 10 of 20

has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Rogers respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF THE ADAAA**

89. Plaintiff Rogers hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

90. Defendant subjected Plaintiff to disparate treatment, harassment, and/or termination, as set forth herein, in whole or in part because of her disability(ies), said acts being made unlawful by Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADAAA).

91. Defendant violated the aforementioned ADAAA, inter alia, by the following acts:

a. Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of her disability(ies) and/or requests for accommodation;

b. Subjecting Plaintiff to disparate treatment and harassment on the basis of her disability(ies) and/or requests for accommodation;

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 11 of 20

c. Creating and subjecting Plaintiff to a hostile environment on the basis of Plaintiff's disability(ies) and/or requests for accommodation.

92. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

93. Defendant engaged in said discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff Rogers.

94. As a direct and proximate result of Defendant's violation of the ADAAA, as aforestated, Plaintiff has suffered aggravation of her disability(ies) and their symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

95. As a further direct and proximate result of Defendant's violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Rogers respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 12 of 20

**COUNT III**
**RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION IN VIOLATION OF THE ADA**

96. Plaintiff Rogers hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

97. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADAAA, and KAAD to wit, Plaintiff opposed acts and practices made unlawful by the ADAAA, and KAAD including, but not limited to, failing to accommodate Plaintiff's disability(ies), withdrawing previous accommodation(s) for Plaintiff's disability(ies), and/or subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of her disability(ies), as set forth herein.

98. Defendant retaliated and discriminated against Plaintiff for engaging in said protected by activity, as set forth herein.

99. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADAAA, as set forth herein.

100. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADAAA, Plaintiff has suffered aggravation of her disability and its symptoms, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

101. As a further direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADAAA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of her earning capacity and

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 13 of 20

ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Rogers respectfully prays that this Court find in favor of Plaintiff and against Defendant in the form of the order of this Court: 1) declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., 2) award Plaintiff all lost wages, past and future, to which she is entitled, 3) award Plaintiff all compensatory, punitive, and exemplary damages, 4) award Plaintiff all expenses and attorney's fees, with interest at the highest lawful rate, and, 5) award any such other relief as this Court deems just and proper.

**COUNT IV**
**VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION ("KAAD")**

102. Plaintiff Rogers hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

103. Defendant illegally discriminated against Plaintiff and subjected her to a hostile work environment based on her disability by way of offensive conduct, treatment and termination.

104. Defendant treated other employees better, gave more favorable treatment to such employees based on the fact they did not share the same disability(ies) as Plaintiff.

105. Defendant's actions against Plaintiff were retaliatory in that after she engaged in activity protected under the KAAD, Defendant took tangible, adverse job actions against Plaintiff, including termination.

106. Plaintiff was subjected to harassment, including, but not limited to, intense scrutiny of her work, disrespectful treatment, and degrading and humiliating comments.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 14 of 20

107. All actions or inactions of or by Defendant occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

108. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of the Kansas Act Against Discrimination as alleged herein.

109. Plaintiff's disability was a contributing factor in Defendant's discriminatory conduct against Plaintiff in violation of the Kansas Act Against Discrimination.

110. Plaintiff further believes that she was the victim of discriminatory conduct on the part of the Defendant that was ongoing and pervasive and constituted a "continuing violation" of her rights.

111. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered damages which include mental anguish, emotional distress, pain and suffering, a detrimental job record, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other nonpecuniary losses, all of a continuing and permanent nature.

112. The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

113. Plaintiff is also entitled to recover all of her costs, expenses, expert witness fees and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, for all actual, compensatory and punitive damages, all costs, all expenses and attorneys' fees incurred herein, and all legal and equitable relief requested in this complaint.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 15 of 20

**COUNT V**
**DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII BASED UPON SEX**

110. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding and foregoing paragraphs as though fully set forth herein.

111. Plaintiff was discriminated against by Defendant because she is female.

112. Plaintiff's gender was a motivating factor in the negative and adverse actions taken by Defendants against Plaintiff, including refusal to train, discipline and termination.

113. Defendant illegally discriminated against Plaintiff and subjected her to a hostile work environment by way of offensive conduct, treatment, and termination, and Plaintiff's gender was a motivating factor to such treatment.

114. All actions or inactions of or by Defendant occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment.

115. Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII and the KAAD.

116. As a direct result of the unlawful conduct of Defendant's actions, as set forth herein, Plaintiff has suffered loss of past and future wages and benefits, a detrimental job record, career damage and diminished career potential, garden variety emotional distress, and other nonpecuniary losses, all of a continuing and permanent nature.

117. Plaintiff was subjected to harassment and discrimination based upon her sex/gender by Defendant.

118. Reporting harassment and/or discrimination based upon sex is a protected act.

119. Plaintiff made good faith complaints about harassment and discrimination based upon sex/gender and a good faith complaint of retaliation and thereby engaged in protected activities.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 16 of 20

120. In choosing to not take prompt and appropriate corrective action to end the sex/gender discrimination and harassment to which Plaintiff was subjected, Defendant subjected Plaintiff to treatment that made Plaintiff's work uncomfortable.

121. Defendant's decision to terminate Plaintiff's employment was motivated by her complaint(s) of discrimination and/or retaliation based upon her sex/gender.

122. Plaintiff's participation in protected activities was a motivating or determining factor in Defendant's decision to not take prompt and appropriate corrective action to end the sex/gender discrimination to which Plaintiff was subjected.

123. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of respondeat superior.

124. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against their employees, including sex discrimination.

125. Defendant failed to properly train or otherwise inform its supervisors and employees concerning its duties and obligations under the civil rights laws, including Title VII.

126. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant, based on her sex in violation of Title VII.

127. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived income as well as other monetary and non-monetary benefits.

128. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff have suffered humiliation, mental anguish, and pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 17 of 20

129. By failing to take prompt and effective remedial action and instead of re-employing Plaintiff, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

130. Defendant's conduct was outrageous due to its evil motive, malice, and/or reckless indifference for Plaintiff's rights thereby entitling Plaintiff to punitive damages.

131. Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

132. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employees from like conduct in the future.

133. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover her reasonable attorney's fees from Defendant.

WHEREFORE, Plaintiff Rogers requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and the value of lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorney's fees and costs incurred herein; for pre-judgment and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**PRAYER**

As a result of the discrimination and retaliation, Plaintiff Rogers has been damaged, sustaining economic loss as well as humiliation, embarrassment, and emotional distress, and for sure, as a proximate result of Defendant's termination of Plaintiff, her reputations as a faithful, hardworking, loyal and diligent employee has been irreparably damaged.

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 18 of 20

The discriminatory and retaliatory conduct of Defendant, including the termination of Plaintiff, constitutes a willful, wanton, and malicious act.

WHEREFORE, Plaintiff Jennifer Rogers prays for judgement against the Defendant J.S. Ventures, Inc. d/b/a Applebee's Restaurants in excess of $75,000 for:

a. Back pay and value of benefits from date of termination;
b. Future loss of pay and fringe benefits from date of termination;
c. Compensating damages for the loss of Plaintiff's reputation;
d. Damages for mental anguish, humiliation, and embarrassment;
e. Any other damages allowed by law;
f. Punitive damages;
g. Attorney fees, costs of this action, and for such other and further relief as this Court deems just and equitable.

**REQUEST FOR JURY TRIAL.**

Plaintiff Rogers requests a jury trial on all claims asserted herein.

**DESIGNATION OF PLACE OF TRIAL.**

Plaintiff Rogers designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Aaron C. McKee
Aaron C. McKee KS # 20889
MCKEE LAW, L.L.C.
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com
**ATTORNEY FOR PLAINTIFF**

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 19 of 20

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing was served and transmitted on March 15, 2020 via electronic mail and ECF to the following:

**AnnRene S. Coughlin and Chris R. Pace, Ogletree, Deakins, Nash, Smoak & Stewart, PC, 4520 Main Street, Suite 400, Kansas City, Missouri, (816) 471-1302, annrene.coughlin@ogletree.com, chris.pace@ogletree.com Attorneys for Defendant**

☐ US mail ☒ Electronic Mail ☒ CM/ECF ☐ Facsimile

/s/ Aaron C. McKee

Amended Complaint and Demand for Jury Trial and Designation of Place of Trial
*Jennifer Rogers v. J.S. Ventures, Inc. d/b/a Applebee's Restaurants, L.L.C.*

Page 20 of 20